# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

STATE OF TENNESSEE,          )
                             )
    Appellee,            )   C. C. A. NO. W1999-01457-CCA-R3-CD
                             )
vs.                          )   SHELBY COUNTY
                             )
JOHN RUFF,                   )   No. 97-06150
                             )
    Appellant.           )

**FILED**

**March 24, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

The state has moved this Court to affirm the judgment of the trial court by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. On May 12, 1998, the appellant was found guilty of criminal contempt of court and was sentenced to two days in jail. The appellant did not timely file a notice of appeal from this judgment. Thereafter, on or about January 21, 1999, the appellant orally moved the trial court to dismiss his conviction for contempt. Apparently, the initial charge for which the appellant was in court was dismissed, and the appellant claimed that the contempt judgment should be dismissed as well since the underlying reason for the appellant appearing in court was no longer present. The trial court denied the request. On January 26, 1999, the appellant filed a motion for reconsideration. The appellant requested the trial court to reconsider its ruling on the appellant's motion to dismiss. On May 11, 1999, the trial court denied appellant's written motion for reconsideration. The appellant filed notice of appeal on June 7, 1999.

On appeal, the appellant is challenging the validity of the judgment for contempt of court. Pursuant to T.R.A.P. 3(b), a defendant may pursue an appeal as of right to this Court from a final judgment in a criminal contempt proceeding in the trial court. Furthermore, T.R.A.P. 4 provides that the notice of appeal required by Rule 3 must be filed within thirty days after the date of entry of the judgment, unless there is a timely filed post-judgment motion for judgment of acquittal, new trial, arrest of judgment,

or suspended sentence.

Having reviewed the record in this case, the Court finds that the appellant did not timely file the notice of appeal. Neither the oral motion to dismiss nor the written motion for reconsideration is a proper post-judgment motion that would toll the time for filing the notice of appeal. Regardless, the motions were made well after the thirty day period for filing the notice of appeal, and, therefore, would be considered untimely.

Accordingly, since the notice of appeal was not timely filed in this case, for the reasons stated above, it is hereby ORDERED that the above-captioned appeal is dismissed. While T.R.A.P. 4 permits this Court to waive the timely filing of the notice of appeal in the interest of justice, this Court finds that waiver is not warranted in this case. Costs of this proceeding shall be taxed to the appellant.

_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE